CRAIG J. MARIAM (SBN: 225280)
cmariam@grsm.com
DINESH JOSHI (SBN: 303275)
djoshi@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone:  (213) 576-5000
Facsimile:  (877) 306-0043

Attorneys for Defendant
TRI-VIN IMPORTS, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAMPIRE FAMILY BRANDS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>S.C. CRAMELE RECAS, S.A., TRI-VIN IMPORTS, INC. and DOES 1 - 20<br><br>Defendants. | Case No. 2:20-cv-08223-VBF-PVC<br><br>Honorable District Judge Valerie B. Fairbank<br><br>**DECLARATION OF MARC OLIVEIRA IN SUPPORT OF DEFENDANT TRI-VIN IMPORTS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Complaint Filed: September 8, 2020 |

I, Marc Oliveira, declare as follows:

1.      I am over the age of eighteen and am competent to testify to the facts stated in this declaration. I am the President of Tri-Vin Imports, Inc. ("Tri-Vin"), a defendant in this action.  As President of Tri-Vin, I am responsible for overseeing

DECLARATION OF MARC OLIVEIRA

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

the company's product procurement, sales, marketing, accounting, and other operations and functions.  The information contained in this declaration is of my own personal knowledge, and if called to testify in court, I could and would testify in accord. As to facts stated on information and belief, I believe them to be true. Each document, including contracts and correspondences, relied on or referenced in this declaration has been created and kept in the course of regularly conducted business activity, and it has been the regular practice of Tri-Vin to create and maintain these records as part of its regularly conducted business activity.

2.      Tri-Vin Imports, Inc. is an importer and distributor of wine servicing retailers, wholesalers, and distributors. Tri-Vin was formed and incorporated in the State of New York on September 9, 1988, under New York State Department of State ID # 1290701. Since its formation in 1988, Tri-Vin has always maintained its corporate headquarters and principal place of business in the State of New York. Attached hereto as <u>Exhibit A</u> is a true and correct copy of Tri-Vin's Articles of Incorporation, filed with the New York Secretary of State on September 9, 1988.

3.      Tri-Vin is a New York corporation with its principal place of business in New Rochelle, New York. All corporate decision-making, including any marketing and advertising campaigns, policies, and strategies, as well as wine purchasing decisions, occur in New York.  All significant business records are stored in New York.  Tri-Vin's executive management team, including myself, are based in New York, with one executive team member located elsewhere on the East Coast.  All accounting and bookkeeping are performed and maintained in New York.

4.      Tri-Vin does not tailor and specifically target its advertising or marketing at California.  Tri-Vin maintains a website, www.tri-vin.com, which is registered to Tri-Vin's New York address. Visitors to Tri-Vin's website can use a zip code search to locate wines and vendors. Searches for zip codes within California return the following statement, "www.tri-vin.com says Zip Code is not

DECLARATION OF MARC OLIVEIRA

in our system. We primarily serve NY, NJ, and CT. Please contact us at products@tri-vin.com to get product stock information nationally." The website does not contain any content directed specifically at residents of California.

5.     Tri-Vin's late founder, João Oliveira, resided in the State of New York at all times relevant to Plaintiff Vampire Family Brands, LLC's ("VFB") complaint.

6.     I reside in the State of New York, and worked from Tri-Vin's New Rochelle, New York office at all times relevant to Plaintiff VFB's complaint.

7.     Tri-Vin Imports, Inc. registered its New York corporation with the State of California on June 9, 2003. On October 16, 2006, over 14 years ago, Tri-Vin Imports, Inc. surrendered its registration with the State of California. Attached hereto as <u>Exhibit B</u> is a true and correct copy of Tri-Vin's Certificate of Surrender of Right to Transact Intrastate Business in the State of California.

8.     Tri-Vin does not own, operate, or maintain any corporate offices or facilities in California. Tri-Vin does not receive official company mail in California.  Tri-Vin is not registered to do business in California, does not maintain an agent for service of process in California, and does not maintain any bank accounts in California.

9.     I do not travel regularly to California for wine shows. I have not attended any wine shows, including those hosted by an industry organization known as ECRM, in California in the last 4 to 5 years.  The adult beverage trade shows hosted by ECRM, who connects buyers and suppliers in various goods related services, rotates around the country in different states such as Georgia and Louisiana, not just California.  During 2020, ECRM's trade show did not occur in person given the pandemic.  The ECRM trade show was held in Georgia and Louisiana in 2018 and 2019.

10.     In 2020, Tri-Vin sold 391 units of "Bloody Merlot" to California, constituting 0.0122% of Tri-Vin's total national sales. Tri-Vin sold "Bloody

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-3-

1    Merlot" to California only in 2020. Attached hereto as <u>Exhibit C</u> are true and

2    correct copies of Tri-Vin's report of total units of "Bloody Merlot" sold in

3    California in 2020 and a report of total units sold nationally for 2020, obtained

4    from Tri-Vin's inventory software.

5         11.    Tri-Vin has imported wine from Cramele Recas in the past, but it does

6    not act as an agent for defendant Cramele Recas. Tri-Vin understands Cramele

7    Recas to be operating out of Romania.

8         12.    Prior to the lawsuit, Tri-Vin was unaware and had no knowledge of a

9    stipulated judgment or settlement agreement between Plaintiff VFB (or its

10   predecessors) and Cramele Recas. Tri-Vin was unaware of any ongoing contractual

11   relationship between Plaintiff VFB and Cramele Recas.

12         I declare under penalty of perjury under the laws of the United States of

13   America that the foregoing is true and correct.

14         Executed on this _22_ day of January, 2021, at New Rochelle, New York.

15

16         _____

17         Marc Oliveira

18

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-4-