HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
JUSTIN P. THIELE, SBN 311787
Jthiele@hansonbridgett.com
777 S. Figueroa Street, Suite 4200
Los Angeles, California 90017
Telephone: (213) 395-7620
Facsimile: (213) 395-7615

Attorneys for Defendant S.C. Cramele Recas, S.A.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Vampire Family Brands, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S.C. Cramele Recas, S.A., Tri-Vin Imports, Inc., Bracus Imports LLC and Does 1-20,<br><br>　　　　Defendants. | Case No. 2:20-cv-8223-VBF-PVC<br><br>**Defendant S.C. Cramele Recas, S.A.'s Notice of Motion to Dismiss (FRCP 12(b)(1), (b)(6), and (b)(7))**<br><br>Filed Concurrently with Memorandum of Points and Authorities, [Proposed] Order, and Request for Judicial Notice<br><br>Judge: Hon. Valerie A. Fairbank |

**Please take notice that,** on a date and time to be set by the Court, in the courtroom of The Honorable Valerie A. Fairbank, located at 350 West First Street, Los Angeles, California 90012, Defendant S.C. Cramele Recas, S.A. ("Cramele Recas") will and hereby does move the Court to dismiss Plaintiff Vampire Family Brands, LLC's ("VFB") First Amended Complaint (Dkt. 27) (the "Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7).

This Motion is made upon the following grounds:

Pursuant to Fed. R. Civ. P. 19, VFB has failed to join a necessary and indispensable party to this action: the co-owner of the VAMPIRE trademark and the corresponding United States trademark registration, U.S. Reg. No. 2263907, Fior Di Sole, LLC ("Fior Di Sole"). To the extent Counts IV through VIII rely on the

1  VAMPIRE mark and this registration, they must be dismissed because VFB has not
2  alleged in the Complaint why Fior Di Sole cannot be joined to this action.

3       VFB has failed to plausibly allege common-law trademark rights in in its
4  unregistered marks DRACULA'S BLOOD and THE LEGEND LIVES, as well as
5  its alleged trade dress. To the extent Counts V, VII, and VIII are based on common-
6  law rights in these marks and trade dress, they must be dismissed.

7       VFB's allegations of trademark infringement between its remaining registered
8  trademarks and Cramele Recas's use of BLOODY MERLOT, BLOOD SUCKERS,
9  or LAND OF VAMPIRES must fail because VFB has failed to plead a plausible
10 likelihood of confusion. Counts IV, V, VII, and VIII must therefore be dismissed in
11 their entireties.

12      VFB has failed to plead that its trademarks are sufficiently famous in support
13 of its claim for trademark dilution. VFB represented to Cramele Recas during the
14 conference of counsel pursuant to L.R. 7-3 that it would withdraw this claim. Count
15 VI therefore must be dismissed.

16      VFB's prayer for punitive damages must be dismissed because punitive
17 damages are not available as a matter of law for Lanham Act claims and because
18 VFB has failed to allege conduct rising to the level of oppression, fraud, or malice.

19      VFB has not alleged a breach of the covenant and good faith and fair dealing
20 separate and apart from its claim for breach of contract, because the complained-of
21 conduct is substantially identical to that in the breach-of-contract. Count II therefore
22 must be dismissed.

23      Finally, if the Court grants this Motion and dismisses VFB's Lanham Act
24 claims, the Court should dismiss the remainder of the action, consisting entirely of
25 state-law claims, for lack of subject-matter jurisdiction because there will be no
26 grounds to exercise supplemental jurisdiction and because VFB has not carried its
27 burden of showing that diversity jurisdiction applies.
28

This Motion is made following the conference of council pursuant to L.R. 7-3 which took place on February 23, 2021.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Request for Judicial Notice filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matter of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED: March 10, 2021　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　HANSON BRIDGETT LLP


　　　　　　　　　　　　　　　　　　By:　　　/s/Justin P. Thiele
　　　　　　　　　　　　　　　　　　RAFFI V. ZEROUNIAN
　　　　　　　　　　　　　　　　　　JUSTIN P. THIELE
　　　　　　　　　　　　　　　　　　Attorneys for Defendant S.C. Cramele Recas, S.A.