2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Vampire Family Brands, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>S.C. Cramele Recas, S.A., Tri-Vin Imports, Inc., Bracus Imports LLC and Does 1-20,<br><br>    Defendants. | Case No. 2:20-cv-8223-VBF-PVC<br><br>[Proposed] Order Granting Doc #36 Defendant S.C. Cramele Recas, S.A.'s Motion to Dismiss<br><br>Judge:  Hon. Valerie A. Fairbank |

~~Defendant S.C. Cramele Recas, S.A.'s ("Cramele Recas") Motion to Dismiss Plaintiff Vampire Family Brands, LLC's ("VFB") First Amended Complaint (Dkt. 27) (the "Complaint") came on for hearing before this Court on xxxxxxxxxx at _____.~~

The Court, having reviewed and considered all papers in support of and in opposition to Cramele Recas's Motion, ~~and having reviewed and considered the arguments of counsel~~ the Court finds, adjudges, and orders as follows:

1.    The Court GRANTS Cramele Recas's Motion to Dismiss Counts IV through VIII to the extent they rely on the trademark VAMPIRE and U.S. Reg. No. 2263907 in connection with wine, for VFB's failure to join a necessary and indispensable party: the mark's co-owner, Fior Di Sole, LLC ("FDS"). The

Complaint fails to state the name of FDS and the reasons it has not been joined as a party to this action pursuant to Fed. R. Civ. P. 19(c); accordingly, the Court cannot determine whether or not joinder of FDS is feasible, whether the Court must order FDS be made a party as an involuntary plaintiff, or whether this action may proceed among the existing parties pursuant to Fed. R. Civ. P. 19(a)(2), (b). Accordingly, pursuant to Fed. R. Civ. P. 12(b)(7), Counts IV through VIII are dismissed to the extent they rely on the trademark VAMPIRE and U.S. Reg. No. 2263907 in connection with wine.

2. The Court GRANTS Cramele Recas's Motion to Dismiss Counts V, VII, and VIII to the extent they rely on common-law trademark rights in the DRACULA'S BLOOD mark, the THE LEGEND LIVES mark, or VFB's alleged trade dress. The Complaint fails to allege facts sufficient to show that VFB has protectable common-law trademark rights in these designations.

3. The Court GRANTS Cramele Recas's Motion to Dismiss Counts IV, V, VII, and VIII in their entirety because VFB has failed to plausibly plead a likelihood of confusion between any of its trademarks and the use by Cramele Recas of BLOODY MERLOT, BLOOD SUCKERS, and LAND DER VAMPIRES.

4. The Court GRANTS Cramele Recas's Motion to Dismiss Count VI for trademark dilution because VFB has failed to plausibly plead the fame of its trademark pursuant to 15 U.S.C. § 1125(c).

5. The Court GRANTS Cramele Recas's Motion to Dismiss VFB's prayer for punitive damages in Counts IV through VII because punitive damages are not available for Lanham Act claims and because VFB has not otherwise sufficiently pleaded justification for state-law punitive damages in the form of conduct constituting oppression, fraud, or malice.

6. The Court GRANTS Cramele Recas's Motion to Dismiss Count II because VFB has not alleged a breach of the covenant of good faith and fair dealing separate and apart from its claim for breach of contract, Count I.

7. Having dismissed VFB's federal Lanham Act claims, the Court GRANTS Cramele Recas's Motion to Dismiss VFB's remaining state-law claims for lack of subject-matter jurisdiction. The Court declines to exercise supplemental jurisdiction having dismissed all federal-law claims. 28 U.S.C. § 1367(c)(3). VFB has not alleged sufficient facts to support that this Court has diversity jurisdiction over its state-law claims because VFB fails to allege the citizenship of the owners of the limited liability company parties including itself and Defendant Bracus Imports, LLC ("Bracus"). 28 U.S.C. § 1332.

**IT IS SO ORDERED.**

Dated: March 31, 2022

/s/ Valerie Baker Fairbank
Hon. Valerie A. Fairbank
Judge, United States District Court